SOLVENT SAVINGS BANK & TRUST CO. *v.* WALKER *et al.*

(*Jackson.* April Term, 1913.)

1. **COURTS.** Appellate jurisdiction. Transfers. Statutory provisions.

Acts 1909, ch. 192, providing that, when cases are appealed to the supreme court which rightly belong to the court of civil appeals, the supreme court shall transfer the case to the court of civil appeals, and *vice versa,* enacted to abolish the practice under which the courts dismissed for want of jurisdiction cases brought to the wrong court, covers all cases brought to either of the courts, whether by appeal or error; and where a case is brought to the supreme court by writ of error, which rightly belongs to the court of civil appeals, the supreme court will transfer the case to the court of civil appeals. (*Post, p.* 23.)

2. **STATUTES.** Construction. Legislative intent.

The court, construing a statute, will seek to ascertain the legislative intent, by considering the words used and the meaning which the legislature attached to them, where they are capable of being used in more than one sense, and the context, when taken in connection with the nature of the subject, may require that the ordinary meaning of the words used be restricted or enlarged to effectuate the legislative intent. (*Post, pp.* 25, 26.)

Case cited and approved: Standard Oil Co. v. State, 117 Tenn., 618, 638-641.

---

FROM SHELBY.

---

Error to Chancery Court, Shelby County.—FRANCIS FENTRESS, Chancellor.

J. T. SETTLE and D. M. SCALES, for complainant.

PAUL W. EVANS and L. H. ESTES, for defendants.

Mr. Chief Justice NEIL delivered the opinion of the Court.

The case before us was brought to this court for review, whereas, under Acts of 1907, ch. 82, it should have been carried to the court of civil appeals. By chapter 192 Acts of 1909, it is provided that, when cases are appealed to this court which rightly belong to the court of civil appeals, it shall be our duty to transfer such cases to that court, and vice versa. But the present case was brought here by writ of error. In view of this fact it is now denied by counsel for defendant that we can make the transfer required by the act of 1909, because, as insisted, that act applies only to appeals. Hence it is said that, having no jurisdiction, we should simply dismiss the case.

Prior to the passage of the act of 1909, the practice was, where a case was brought to the supreme court which should have been appealed to the court of civil appeals, the former court simply dismissed it for want of jurisdiction. The court of civil appeals acted in the same manner in disposing of cases improperly appealed to that court. The result was that in each case of the kind it was necessary that the losing party should begin afresh with his appellate proceedings. But it was then always too late to proceed by simple appeal, and the only recourse left was a petition for writ of error, addressed to the proper court, which

always entailed additional labor on the part of counsel, and delay and expense to the client. To remedy this evil the act of 1909 was passed, providing as follows:

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that from and after the passage of this act all appeals taken from either the chancery, circuit, or county courts of this State to the supreme court or to the court of civil appeals, and in all cases where such appeals are now pending and undetermined in either of said courts, if the court to which any case is appealed shall be of opinion that the jurisdiction to try and determine same is not in said court and is in the other appellate court, it shall be the duty of said court, if it be the court of civil appeals, to transfer said cause to the supreme court for trial, and said supreme court shall cause any such case so transferred to it to be entered upon its trial docket and try and dispose of same as though the appeal had been direct to the supreme court; and likewise, if the supreme court shall be of opinion that the jurisdiction to try and determine any such case which has been appealed to that court is with the court of civil appeals, it is made the duty of said court to transfer any such cause to the said court of civil appeals for trial by the court, which court shall cause any such case to be entered upon its docket and try and dispose of the same in the same manner as though it had been appealed direct to that court, and no writ of error or other process shall be necessary to give the court to which

any such cause has been transferred jurisdiction of either the parties or the subject-matter of litigation.

"Section 2. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it."

While this act, in terms, mentions only appeals, yet its purpose was to do away with the former practice of dismissals for want of jurisdiction as between the two courts, and the delay and cost to the parties caused thereby; the transfer being instant and without expense. In view of this broad purpose, and the evil to be corrected, we think the words "all appeals taken . . . to the supreme court or the court of civil appeals," should be construed to cover all cases brought by appellate proceedings, or proceedings for the correction of errors, to either of the courts named. The legislature had no intention of making any distinction between the different methods by which cases should reach either of the courts. There could be no reason for such distinction.

In arriving at the construction above indicated, it is true we have given the words of the act a more extended meaning than the literal terms imply; but this is permissible in construing statutes, where such a course is necessary to effect the true intention, as that intention is indicated by the general purpose disclosed throughout the act, and by a consideration of the mischief to be remedied thereby. The discovery of the legislative intent is the end to be attained. To reach this all legitimate aids are brought into requisition.

Among these, necessarily, the words used; but the inquiry always involves the meaning which the legislature attached to the words, the sense in which they were used, where they were capable of being used in more than one sense. The ordinary import is, generally, the true import; but the context, when taken in connection with the nature of the subject, the general purpose, and the particular evil to be removed, may require that the ordinary or more obvious meaning be either restricted or enlarged, in order to make possible the effectuation of the real legislative will. *Standard Oil Co.* v. *State*, 117 Tenn., 618, 638-641, 100 S. W., 705, 10 L. R. A. (N. S.), 1015. The letter is but the husk; the substance lies within.

The motion to dismiss must be overruled, and an order entered to transfer the cause to the court of civil appeals.