CHICKAMAUGA QUARRY & CONSTRUCTION CO. *v.* W. A. PUNDT.

(*Knoxville.* September Term, 1916.)

1. **APPEAL AND ERROR.** Party entitled to appeal. Statute. "Appeal." "Appellant."

Shannon's Code, sections 4851, 4852, provides that where a motion for a new trial is granted, either party may except and reduce to writing the reasons offered for the new trial, together with the substance of the evidence in the case and the decision on the motion, and take a bill of exceptions, and that appellant may assign for error that the court below improperly granted or refused a new trial therein. *Held* that the word "appellant" is not to be given a narrow meaning but includes one who sues out writ of error; the word "appeal" designating generally any method provided by statute for the removal of a case from an inferior to a higher court for review including a writ of error. (*Post, pp.* 329-331.)

Acts cited and construed: Acts 1875, ch. 106.

Cases cited and approved: Bank & Trust Co. v. Walker, 128 Tenn., 22; Barnes v. Noel, 131 Tenn., 126.

Code cited and construed: Secs. 4851, 4852 (S.).

2. **APPEAL AND ERROR.** Right to appeal. Party aggrieved. Statute.

It could not be said that plaintiff was not aggrieved or prejudiced by an order setting aside a verdict in his favor because he recovered a verdict for a greater amount in a second trial, since he was aggrieved if there was reversible error in the second trial, and there was no error in the first trial. (*Post, pp.* 331, 332.)

Case cited and approved: Chesapeake, etc., R. Co. v. Higgins, 85 Tenn., 620.

## FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.
—NATHAN L. BACHMAN, Judge.

J. C. TRIMBLE, W. D. MOON and THOMPSON,
WILLIAMS & THOMPSON, for appellant.

COLEMAN & FRIERSON, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of
the Court.

This is an action brought by Pundt to recover
damages for personal injuries alleged to have been
suffered by him while in the employ of the con-
struction company.

In the first trial a verdict for plaintff in the sum
of $8,000 was returned by the jury, but set aside
by the court. The plaintiff preserved a wayside
bill of exceptions.

The last trial resulted in a verdict and judgment
for $9,000. The defendant company preserved its
bill of exceptions, and prayed an appeal.

The plaintiff did not appeal, but has filed the
record for a writ of error for the purpose of having
reviewed and reversed the ruling of the trial judge
adverse to him on the said motion in the first trial.

Counsel of the defendant company contends, and the court of civil appeals adopted the argument in its ruling, that since the plaintiff was successful in the second trial where he recovered a larger verdict, he was not aggrieved by the judgment, and cannot be heard to complain by writ of error of the proceedings in the first trial.

We think this is an erroneous view, and that the court of civil appeals should have reviewed the first trial at plaintiff's instance under his writ of error.

Act of 1875, chapter 106 (Code, Shannon, sections 4851, 4852) provides:

"That where a motion for a new trial shall be granted or refused, either party may except to the decision of the court, and may reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case, and also the decision of the court on said motion; and it shall be the duty of the judge, before whom such motion is made, to allow and sign the same; and such bill of exceptions shall be a part of the record in the case, and it shall be lawful for the appellant in such case, to assign for error, that the judges in the court below, improperly granted or refused a new trial therein, and the supreme court shall have power to grant new trials, or to correct any errors of the circuit court in granting or refusing the same."

The word "appellant" in the statute is not to be given a narrow meaning. Oftentimes the word "appeal" designates generally any method provided

by statute for the removal of a case from an inferior to a higher court for review; and here one who sues out a writ of error is included. *Bank & Trust Co.* v. *Walker,* 128 Tenn., 22, 157 S. W., 66.

It was said in *Barnes* v. *Noel,* 131 Tenn., 126, 133, 174 S. W., 276, that the intention of the statute was to give the excepting party the benefit of the former trial without regard to the merits of the case as developed on a subsequent trial.

The claim is not well made that neither appeal nor writ of error should lie in behalf of plaintiff, Pundt, because he was not aggrieved or prejudiced by the judgment in his favor last rendered. He was aggrieved if there was reversible error, and he concedes there was, in the last trial, and there was not in the first. He is entitled to show, if he can, that there was a sound verdict upon which judgment should have been rendered in the first instance. Not being the exceptant, preserving the bill of exceptions in the last trial, and not appealing from any judgment overruling a motion for new trial made by him therein, the plaintiff properly sued out the writ of error to test the correctness of the ruling adverse to him in the first trial. There he was the exceptant put to the preservation of the bill of exceptions. The case is not like one where the appealing party is exceptant to the rulings made in both trials. *Chesapeake, etc., R. Co.* v. *Higgins,* 85 Tenn., 620, 4 S. W., 47.

It is not required that such a proceeding taken for appellate review (appeal or writ of errow) be so much from the last judgment as that either should be prosecuted after the last judgment, as the only final one open to such review. The relief sought, suspended till final judgment, need not be on account of anything appearing in that judgment, as distinguished from adverse rulings in the previous trial.

The court of civil appeals should have examined the case on the assignments of error of plaintiff based on the wayside bill of exceptions in the first trial.

However, on looking to these assignments, repeated in this court, we find that the circuit judge in the first trial properly sustained defendant company's motion for a new trial.

Modify the judgment of the court of civil appeals, and affirm as modified. Remand for a new trial in the circuit court.