### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION

---

## KNOXVILLE, SEPTEMBER TERM. 1917.

---

GEORGE AULT *v.* W. E. DRUMMOND *et al.*

(*Knoxville.* September Term, 1917.)

**COURTS. Tennessee. Appellate jurisdiction. Statute.**

Acts 1909, chapter 192 (Thompson's Shannon's Code, section 4891a), providing that, when cases are appealed to the supreme court which rightly go to the court of civil appeals, the causes shall be transferred, covers all cases brought up by any mode of appellate proceeding, or proceedings for the correction of errors, although the language of the· act mentions cases which have been "appealed" to this court.

Acts cited and construed: Acts 1909, ch. 192.

Cases cited and approved: Bank & Trust Co. v. Walker, 128 Tenn., 22; Quarry & Construction Co. v. Pundt, 136 Tenn., 328.

Code cited and construed: Sec 4891a (T.—S.).

---

FROM KNOX..

---

138 Tenn.]　　　　　(613)

Error to the Chancery Court of Knox County.—R. H. SANSOM, Special Chancellor.

S. G. HEISKELL, for appellant.

CATES & PRICE, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

In this cause complainant, Ault, desiring to have reviewed and reversed a decree rendered in the chancery court, just prior to the date on which the two-year period allowed for suing out a writ of error expired, presented the record to one of the judges of this court for such a writ. The case is one that falls within the appellate jurisdiction of the court of civil appeals.

By inadvertence the writ was granted. A motion has been made by the defendants to dismiss the writ of error.

It was held in *Bank & Trust Co.* v. *Walker,* 128 Tenn., 22, 157 S. W., 66, that Acts 1909, chapter 192 (Thomp. Shan. Code, section 4891a), which provides that when cases are appealed to this court which rightly go to the court of civil appeals it shall be our duty to transfer such cases to that court, covers all cases brought up by any mode of appellate proceeding, or proceedings for the correction of errors. This, although the language of the act of 1909 mentions cases which have been "appealed" to this court. See, also, *Quarry & Construction Co.* v. *Pundt,* 136 Tenn., 328, 189 S. W., 686.

Ault v. Drummond

It may be true that in the case of *Bank & Trust Company* v. *Walker,* supra, the writ of error was obtained otherwise than through a judge of this court, but the principle of that case governs here.

Motion denied, and the cause is transferred to the docket of the court of civil appeals.