THAD GRIFFITTS, Plaintiff In Error, v. The ROCK-
FORD UTILITY DISTRICT, Defendant in Error.
—298 S. W. (2d) 33.

Eastern Section. August 9, 1956.

Petition for Certiorari denied by Supreme Court October 5, 1956.

Ben W. Kizer, Maryville, for plaintiff in error.

C. S. Badgett, Knoxville, and Rom Meares, Maryville, for defendant in error.

McAMIS, P. J. This case originated in the County Court of Blount County as a proceeding to establish a utility district under T. C. A. sec. 6-2601 et seq. The principal question on this appeal of an objecting resident of the district is whether an aggrieved party in such a proceeding can appeal to the Circuit Court without a bill of exceptions under Section 6-2606, providing:

"Appeal to circuit court.—Any party having an interest in the subject-matter and aggrieved or prejudiced by the finding and adjudication of the county judge or chairman of the county court, may pray and obtain an appeal therefrom to the circuit court of the county in the manner

provided by law for appeals from the county court, upon the execution of appeal bond as provided by law.''

Although the proceeding is administrative in nature, it will be noted that the mode of obtaining review, unlike the usual provisions relating to review of decisions of administrative bodies, is not by certiorari but by appeal ''in the manner provided by law for appeals from the county court * * *.'' It, therefore, becomes necessary to look to the general statutes governing such appeals.

■ Plaintiff in error concedes in the supporting brief that ''if his appeal should have been by an appeal in the nature of a writ of error, he was required to have a bill of exceptions''. While, in view of this concession, we do not need to decide the point, Phillips' Pritchard Law of Wills, sec. 547, p. 47, citing in a footnote, T. C. A. sec. 27-307, 1932 Code, sec. 9060, indicates that a bill of exceptions is generally necessary where an appeal in the nature of a writ of error or writ of error is prosecuted from the County Court to the Circuit or Chancery Courts.

■ In deciding whether the statute under consideration affords an aggrieved party the right to prosecute a broad appeal without the necessity of preserving a bill of exceptions and a trial de novo in the Circuit Court as plaintiff in error insists, we are not to be greatly influenced by the use in the statute of the term ''appeal'', rather than appeal in the nature of a writ of error or writ of error. As said in Chicamauga Quarry & Construction Co. v. Pundt, 136 Tenn. 328, 189 S. W. 686 and Ragsdale v. Hill, 37 Tenn. App. 671, 269 S. W. (2d) 911, ''appeal'' often designates generally any method provided for the removal of a case from an inferior to a higher court for review. An aggrieved party should not be deprived of a review on the ground that he prayed and was granted an

appeal when he should have called it an appeal in the nature of a writ of error.

With these considerations in mind we examine the general statutes governing appeals from the County Court.

Title 27 of the Code contains general provisions relating to appeal and review. 27-306 authorizes an appeal in the nature of a writ of error from the County Court in equity causes or cases tried according to the forms of equity. This statute, then Shannon's Code, sec. 4907, was before the Court in Key v. Harris, 116 Tenn. 161, 92 S. W. 235, and was held to authorize an appeal in such equitable cases to the proper appellate court, in that case the Supreme Court. It would seem, therefore, that this Section has to do with a transfer to the appellate courts rather than from the county court to the circuit court. The next sec. 27-307, however, provides:

"Appeal from county court in cases other than equity. —In all other cases determined in the county court, an appeal in the nature of a writ of error may be taken to the circuit court, or, both parties consenting, to the proper appellate court."

Chapter 4 of Title 27 deals exclusively with appeals from the county court. Secs. 401 and 408 provide:

Sec. 27-401 "Appeal to circuit court.—Any party dissatisfied with the sentence, judgment, or decree of the county court, may pray an appeal to the circuit court of the county, unless it is otherwise expressly provided."

Sec. 27-408 "Trial de novo.—On appeal, all jury cases in the county court shall be tried de novo in the circuit court and all chancery cases, or proceedings in the nature of chancery cases, shall be reheard as if the proceedings had been commenced in the circuit court."

Sec. 307 in the chapter dealing generally with appeal and review uses the term "appeal in the nature of a writ of error" while sec. 401 refers to the right of "appeal". It is thus to be seen that "appeal" and "appeal in the nature of a writ of error" are used in all these statutes interchangeably and apparently without any attempt to observe distinctions between them.

 We think the most satisfactory clue to the meaning of this hodgepodge of statutes which it seems "just grew" is to be found in sec. 408. It will be noted that it expressly provides what cases shall be tried de novo in the circuit court, namely, jury cases and chancery cases or proceedings in the nature of chancery cases. As to the latter the provision is that they shall be reheard as if the proceedings had originated in the Circuit Court. This is merely to provide a hearing de novo. By the enumeration of jury cases and equitable proceedings as being triable de novo in the circuit court all others are excluded. The Legislature could have provided that all cases appealed to the Circuit Court should be tried de novo. Its failure to do so and the express provision that certain cases are to be so tried cannot be disregarded, especially in view of the prior use in 27-307 above quoted of the term "appeal in the nature of a writ of error" applying *"in cases other than equity."*

 Generally, unless otherwise indicated where a statute uses the term "appeal" it provides a trial de novo, that is to say a trial in all respects the same as if the case had originated in the appellate court, Northern v. Barnes, 70 Tenn. 603, while an appeal in error is in the nature of a new suit in which the party seeking review must carry the burden of showing the judgment erroneous. Gibson's Suits in Chancery (Higgins & Crownover), sec. 1266. On

appeal in error the hearing is not de novo unless the controlling statute so provides. There is no express provision in the statutes here under consideration except as to jury cases and cases of an equitable nature which, as shown, are alone triable de novo in the circuit court.

█ We are further of opinion plaintiff in error is not an aggrieved party in the sense of the statute. He failed to have himself formally made a party in the county court and admits that he made no effort to introduce proof in that court. If a resident of the proposed District can in this manner appeal and have a trial de novo in the circuit court, in many cases the circuit court would for all practical purposes become the court of original jurisdiction. The proceedings are administrative in nature and are, therefore, inappropriate for trial de novo in a conventional judicial proceeding. Historically, such proceedings have been reviewable·in the courts of the State on certiorari, on the record as made up before the administrative body with the provision in some instances that the court may in its discretion permit the introduction of further evidence. T. C. A. sec. 65-228.

There was no error in the action of the circuit court in striking the appeal. Because of the importance of the question we have preferred to consider the appeal on its merits rather than on the motion of defendants in error to dismiss the appeal because it is said the appeal bond was filed too late. For the record, the motion is overruled.

Affirmed with costs to plaintiff in error and surety on the appeal bond and remanded.

Hale and Howard, JJ., concur.