CITY OF CROSSVILLE

*v.*

MIDDLE TENNESSEE UTILITY DISTRICT, etc., et al.

(*Knoxville,* September Term, 1960.)

Opinion filed April 5, 1961.

KEYES, REDMOND & SWAFFORD, Crossville, for appellant.

JIM CAMP, LUCIUS H. CAMP, SCOTT CAMP, Sparta, MC-ALLEN FOUTCH, Smithville, CLARENCE HASTON, McMinnville, HOYT BRYSON, Woodbury, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

City of Crossville filed its declaratory judgment bill for the purpose of having determined its rights and those of the Middle Tennessee Utility District with reference to a franchise granted by Crossville to the Middle Tennessee Utility District to distribute for sale natural gas to the people of Crossville. The Chancellor sustained the Utility District's demurrer; wherefore, Crossville has appealed.

We take it that the suit was filed and appeal prosecuted out of an abundance of caution, due regard being given to future activities and expenditures, etc. within the premises.

As alleged in the bill, the City Commissioners of Crossville enacted its Ordinance No. 195 granting the Middle Tennessee Utility District composed of the ten counties mentioned in the bill, including Cumberland, "the exclusive rights and franchise" to construct its pipes, etc. over all public ways of Crossville and distribute for sale its gas to the residents of Crossville. By the enactment of its Ordinance No. 201 some two or three years later, the time for the beginning of the construction, etc. was extended. That time has not yet expired.

Thereafter by its 1960 Ordinance No. 218, the City Commissioners undertook to repeal the original ordi-

nance. It seeks to justify its action by reason of the fact that a provision in the Charter of Crossville is that "no exclusive franchise shall be granted".

It is conceded by Crossville in its brief that "the entire franchise is not invalid". It does insist, however, that Ordinance No. 218 is a valid enactment in so far as it abrogates that provision of the preceding Ordinance granting an exclusive franchise to the Utility District. It rests this insistence upon the fact that its Charter forbids the granting of an exclusive franchise.

In agreement with the demurrer, the Chancellor decreed (and Crossville seems now to agree with that portion of the decree) that Ordinance No. 218 would not be effective to revoke the franchise granted by the previous ordinances to the Utility District, because such ordinance, if given that effect, would impair the obligations of a contract; therefore, violative of both the Federal and State Constitutions. . Accordingly, the Chancellor decreed that the Utility District did have a franchise to conduct its gas business in the City of Crossville. However, the Chancellor went further and decreed that:— "Except that it is not intended to hold or declare that the defendant has an exclusive franchise under the ordinance in question", and that "the City has exceeded its charter powers in undertaking to grant an exclusive franchise".

Thereupon, the Utility District presents its petition to rehear. Its complaint was that the Chancellor erred in holding that "the City has exceeded its charter powers in undertaking to grant an exclusive franchise". It was averred in the petition that the Utility District "did not understand that any question was being made respecting

the exclusive or non-exclusive features of the franchise, and for that reason did not present any authority, all of which is abundant''.

Thereupon, the application of Crossville to be permitted to amend its bill was granted. The purpose of the amendment was ''so as to specifically plead and rely upon the charter provisions which precludes complainant, City of Crossville, from granting exclusive franchise'', and that at the hearing the Court determine whether the City of Crossville could grant an exclusive franchise for the Utility District in view of its charter provisions forbidding it.

The Chancellor granted the petition to rehear. He then decreed that in view of the Utility District law carried at T.C.A. sec. 6-2601 et seq. ''and especially Section 6-2607, jurisdiction of the question of whether the franchise is exclusive or not is vested in the Board of the Commissioners of the Utility District''. Accordingly, this decree modified the previous decree by providing that ''any reference in the decree heretofore made to the exclusive nature of the franchise granted by the City of Crossville is hereby stricken''.

Crossville assigns as error the action of the Chancellor in (1) striking from the decree any reference as to the exclusive nature of the franchise, (2) in not holding that the City of Crossville by reason of its charter was without authority to grant an exclusive franchise.

The law under which this Utility District was created is, as aforesaid, carried at Section 6-2601 T.C.A. et seq. Section 6-2607, 1959 Code Supplement, provides that;

''So long as the district continues to furnish any of the services which it is herein authorized to furnish, it

shall be the sole public corporation empowered to furnish such services in the district and no other person, firm or corporation shall furnish or attempt to furnish any of the said services in the area embraced by the district, unless and until it shall have been established that the public convenience and necessity requires other or additional services."

It was held in *Chandler Investment Company v. Whitehaven Utility District* (created under the aforesaid provisions of the Utility Act), 44 Tenn.App. 1, 24-25, 311 S.W.2d 603, 613, that:

"The provisions of T.C.A. Section 6-2607 quoted above provide the only method by which the exclusive franchise awarded to the Whitehaven Utility District may be modified; i. e., that the Quarterly County Court of Shelby County adjudicate that the public convenience and necessity requires other or additional services. Hence, we hold that the sole recourse available to the Chandler Investment Company, if it is dissatisfied with the services offered by the Whitehaven Utility District, is to petition the Quarterly County Court of Shelby County under the authority of T.C.A. Section 6-2607 to establish that the public convenience and necessity requires that the exclusive franchise to furnish water, fire protection and sewerage service granted to the Whitehaven Utility District be modified so as to permit other agencies, possibly the City of Memphis Light, Gas and Water Division, to furnish water to the complainant and other potential customers within the vicinity of complainant's subdivision."

Certiorari was denied.

The foregoing adjudication forecloses the insistences of Crossville unless, as it says, it makes a difference that its charter prevents the granting of an exclusive franchise.

That provision of this Utility District Act carried at Section 6-2627 T.C.A. provides as follows:

"Chapter unaffected by other law.—This chapter is complete in itself and shall be controlling. The provisions of any other law, general, special or local, except as provided in this chapter, shall not apply to a district incorporated hereunder; provided, that nothing in this chapter shall be construed as impairing the powers and duties of the department of health of this state."

█ The foregoing code section supersedes the provision of the private act incorporating Crossville. Therefore, it is immaterial in this matter as to whether the charter of the City of Crossville withholds from it the right to grant an exclusive franchise. By Section 6-2607 T.C.A. this Utility District is granted exclusively the right to furnish the services in question until it is established that public convenience and necessity requires otherwise.

█ Jurisdiction to determine whether public convenience and necessity requires otherwise is in the County Judge or chairman of the County Court of that County of the Utility District in which the petition for incorporation was presented and granted. See T.C.A. sec. 6-2602, and *Chandler Investment Company v. Whitehaven Utility District*, supra.

It follows that the Chancellor did not err in striking from the decree any reference as to the exclusive nature of the franchise, and in not holding that Crossville was without authority in this particular matter to grant an exclusive franchise. The franchise was exclusive without regard to what Crossville's Charter to the contrary provided.

Affirmed with costs adjudged accordingly.