# WHITE HOUSE GAS UTILITY DISTRICT, Plaintiff-in-Error, v. CROSS PLAINS NATURAL GAS UTILITY DISTRICT, Defendant-in-Error —445 S.W.2d 459.

Middle Section.* August 1, 1969.

---

\* In the absence of an application for certiorari, this opinion was approved for publication by the Presiding Judge and two Associate Judges.

S. L. Swann, Springfield, Eugene T. Hollins, Jr., Nashville, for plaintiff in error.

John R. Long, Jr., James E. Walton, Springfield, for defendant in error.

TODD, J. This appeal involves the franchise or privilege of distributing natural gas to an area lying partly in Sumner County and partly in Robertson County.

On February 23, 1965, an order was entered by the County Judge of Robertson County pursuant to sec. 6-2601 et. seq., T.C.A. whereby the Cross Plains Natural Gas Utility District was created and granted an exclusive franchise to distribute natural gas in a designated area of Robertson and Sumner Counties.

On August 17, 1968, an order was entered by the chairman of the Sumner County Court creating the White House Gas Utility District, granting to it an exclusive franchise to distribute gas in a designated area of Robertson and Sumner counties, and terminating the aforesaid franchise of the Cross Plains District wherever it conflicted with the new (White House) franchise. On appeal, the Circuit Court of Robertson County, sitting without a

jury, reversed the order of the Sumner County Chairman and reinstated the franchise of the Cross Plains District.

The evidence heard by the Sumner County Chairman was not preserved by bill of exceptions, and no evidence was heard in circuit court. The appeal must therefore be considered in this Court, as it was heard in circuit court, upon the technical record only. Under sec. 27-303 T.C.A., the action of the trial court is reviewed in this Court de novo. No evidence having been heard or considered by the circuit court, there can be no presumption that the action of the circuit court was founded upon some evidence not transmitted to this Court. On the other hand, evidence was heard by the County Chairman, but it was not preserved. It must therefore be presumed that the county chairman did hear evidence to support his conclusions of fact. Chappell v. Chappell, 37 Tenn.App. 242, 261 S.W.2d 824 (1952) and authorities cited therein. See also Griffitts v. Rockford Utility District, 41 Tenn.App. 653, 298 S.W.2d 33 (1956).

The first assignment of error challenges the holding of the circuit court:

"2. That the County Court of Sumner County, Tennessee, did not have jurisdiction of the subject matter authorizing it to revoke the authority and franchise of the Cross Plains Natural Gas Utility District of Robertson and Sumner Counties, Tennessee, it having been created by Decree of the County Court for Robertson County, Tennessee."

A consideration of this assignment requires a review of Chapter 26 of Title 6 of Tennessee Code Annotated, which is devoted to the subject of "Utility Districts."

Sec. 6-2602 provides that a petition to create a Utility District "may be submitted to the county judge or chairman of the county court of any county in which the proposed district is situated."

Sec. 6-2604 provides that, after specified notice, hearing and findings, the county judge or chairman shall enter an order approving the creation of the district and appointing commissioners.

Sec. 6-2606 provides:

"*Appeal to circuit court.*—Any party having an interest in the subject-matter and aggrieved or prejudiced by the finding and adjudication of the county judge or chairman of the county court, may pray and obtain an appeal therefrom to the circuit court of the county in the manner provided by law for appeals from the county court, upon the execution of appeal bond as provided by law."

Section 6-2607 provides in part as follows:

"* * * So long as the district continues to furnish any of the services which it is herein authorized to furnish, it shall be the sole public corporation empowered to furnish such services in the district and no other person, firm or corporation shall furnish or attempt to furnish any of the said services in the area embraced by the district, *unless and until it shall have been established that the public convenience and necessity requires other or additional services; * * *.*" (Emphasis supplied)

Section 6-2628 provides:

"*Districts in two or more counties—Petition.*—Utility districts embracing territory in two (2) or more

counties may be created in the manner provided in this chapter. *The petition* for the incorporation of such utility district *may be submitted to the county judge or chairman* of the county court *of any one* (1) *of the counties* situated in whole or in part in such proposed district." (Emphasis supplied.)

Section 6-2630 provides that notice of such proceeding must be published in each county affected and mailed by registered mail to the county judge or chairman of each such county and that:

"The public *hearing* shall be held *before the county judges or chairmen* of the county courts of such counties *sitting as a panel* at a time and place designated by the county judge or chairman to whom the petition for the proposed district was addressed. All such county judges or chairmen shall be notified of the date, time and place of such hearing at least five (5) days prior thereto, and *it shall be the responsibility of such judges or chairmen to attend and participate if they elect to do so in such hearing. In the event a majority of such judges so notified fail to appear and participate in the hearing, the county judge to whom the petition was addressed may proceed with the hearing and enter appropriate orders* as provided in this chapter. In the event three (3) or more counties are involved and in the event two (2) or more of such judges or chairmen elect to attend and participate in the hearing, a majority vote shall be required for the creation of the district." (Emphasis supplied.)

Section 6-2632 provides in part as follows:

"*Filing and publication of order as to two or more counties.*—A certified copy of the order creating such

district shall be filed with the county court clerk of each of the counties included in whole or in part in such district and shall be entered of record. * * *''

Section 6-2633 provides:

"*Appeals as to districts in two or more counties.*— Appeals from an order creating such a district may be prayed as provided in this chapter to the circuit court of any county included in whole or in part in such district.''

The briefs of counsel indicate a conception that the jurisdiction conferred by the foregoing statutes upon the county judges and chairmen is judicial in character and either exclusive or concurrent. Such a concept is not supported by the foregoing statutes and decisions of our courts.

In the case of Griffitts v. Rockford Utility District, supra, this Court said:

"'* * * *The proceedings are administrative in nature* and are, therefore, inappropriate for trial de novo in a conventional judicial proceeding. Historically, such proceedings have been reviewable in the courts of the State on certiorari, on the record as made up before the administrative body with the provision in some instances that the court may in its discretion permit the introduction of further evidence. T.C.A. sec. 65-228.'' (Emphasis added.)

 Whether a county judge is sitting alone considering a one-county utility district, or two or more county judges are considering a multi-county utility district, he, or they, are acting as an administrative body and not as a court.

■ When a multi-county matter is being heard, the judges sit as a *panel* (sec. 6-2630 supra). The jurisdiction of the matter is not committed to a county court, or county judge, or county chairman, but to a *panel,* or administrative body whose members are composed of judges or chairmen.

■ The composition of the *panel* is determined by the territory of the utility district. In respect to a given district or territory, there can be but one *panel.* It matters not to which member of the panel the petition is first submitted, it is the *panel* which has the power to act upon the petition. The judge or chairman first receiving the petition is granted only the prerogative to set the time and place of meeting, and the duty to notify the remaining members of the panel to be present for the hearing.

■ The statute (sec. 6-2630) makes it the *responsibility* of the judges and chairmen to attend meetings of the panel when notified. The words *"if they elect to do so"* cannot reasonably be interpreted to emasculate the meaning of the statute. It is clear that the legislature intended for the members to attend meetings of the panel, however in the event one or more of the members fails to attend, action may nevertheless be taken. (sec. 6-2630)

■ The actions of the panel, with or without the presence of all members, are binding throughout all the territory presided over by the panel. Witness the requirement that the order "be entered of record" in each county (sec. 6-2632).

It is the insistence of Cross Plains that, once a multi-county franchise has been granted by one county court, then all subsequent proceedings relating to the franchise granted must be conducted in that same court, that is, that

county judges are without jurisdiction to hear any matter related to a franchise granted by another county judge. In support of this contention is cited City of Crossville v. Middle Tennessee Utility District, 208 Tenn. 268, 345 S.W.2d 865 (1960), wherein the Supreme Court said:

"[1] The foregoing code section supersedes the provision of the private act incorporating Crossville. Therefore, it is immaterial in this matter as to whether the charter of the City of Crossville withholds from it the right to grant an exclusive franchise. By Section 6-2607 T.C.A. this Utility District is granted exclusively the right to furnish the services in question until it is established that public convenience and necessity requires otherwise.

"[2] Jurisdiction to determine whether public convenience and necessity requires otherwise is in the County Judge or chairman of the County Court of that County of the Utility District in which the petition for incorporation was presented and granted. See T.C.A. sec. 6-2602, and Chandler Investment Company v. Whitehaven Utility District, supra [44 Tenn.App. 1, 311 S.W.2d 603]." 208 Tenn. at 273, 345 S.W.2d at 867.

Section 6-2602, supra, provides that petitions may be *submitted* to the county judge of *any* county within the proposed district.

Chandler Investment Company v. Whitehaven Utility District, supra, involved a water district wholly within Shelby County, and it is authority only for the proposition that a utility district has an exclusive franchise until it is determined by the proper tribunal (county judge) that the public convenience and necessity requires otherwise.

In City of Crossville v. Middle Tennessee, supra, the determination was that a city had no authority to limit the exclusive character of the franchise, because it was granted by a county judge and could be changed only by the county judge. It did not appear which county judge (or judges) granted the initial franchise. The question of conflict of authority of judges of separate counties was not before the court. The case was decided on the same principles as if the utility were in only one county. The statement that "Jurisdiction * * * is in the County Judge * * * of that County * * * in which the * * * incorporation was granted," was not directed at any issue in the case, and would undoubtedly have been otherwise if the issue of jurisdiction had been between a judge and a chairman of separate counties as in the present case. Under Sections 6-2628, 6-2630 and 6-2632, supra, the above quoted excerpt from *Crossville* must be interpreted to mean:

"Jurisdiction to determine whether public convenience and necessity requires otherwise is in the tribunal which was authorized by law to grant and did grant the petition for incorporation, (i. e., the *panel* of county judges and/or county chairmen provided by law)."

In the present case, the proposed Cross Plains district lay in Robertson and Sumner Counties. The jurisdiction of creation and control of the district was placed by statute neither in the County Judge of Robertson County, nor in the County Chairman of Sumner County. The decree creating the Cross Plains district was not a judicial decree, but an order of a special "panel' or administrative agency which had jurisdiction over utility districts located in both Robertson and Sumner Counties. The record does not disclose whether both members were present and participating, but even if one were absent,

the actions of the present member effectively represented the action of the body and as such was entitled to enrollment in the registry of both counties.

The jurisdiction of the petition of the White House District lay in the same tribunal, i. e., the special "panel" or administrative agency for Robertson and Sumner Counties, composed of the county judge or chairman of each county. It mattered not whether the petition was presented to the Robertson or Sumner member of the "panel", or where the hearing was held. It was the duty of both members of the "panel" to be present and participate in the hearing and decision. There is nothing in this record to indicate whether or not both members attended and participated in this latter hearing, but the action taken was the action of the panel and was effective in both counties as such.

Both decisions (Cross Plains in 1965 and White House in 1968) were decisions of the same panel which had jurisdiction of both counties in regard to multi-county utility districts.

 Under the foregoing statutes, the county chairman of Sumner County did have authority to receive the petition of White House and to give notice of a meeting of the Robertson-Sumner panel. The record dos not disclose whether the Sumner County Chairman acted singly, in the absence of the Robertson County Judge, or in concert with him, being present. In either event, the action taken must be accorded the same presumptions of regularity and legality as is accorded the actions of all public officials and agencies. There being no affirmative showing of irregularity, the action must be regarded as valid.

To the extent indicated, the first assignment of error is sustained.

The second assignment of error is directed at another ground of the decision in circuit court, stated in the circuit court decree as follows:

"3. That the White House Gas Utility District of Robertson and Sumner Counties, Tennessee, failed to comply with Tennessee Code Annotated, Section 6-2602, as amended, in that it failed to include in its original petition to the County Court for Sumner County, Tennessee, all of the elements required in such petitions by said statute, the portion of said statute which was omitted from the Petition reads as follows:

'Said petition shall include * * *; (c) an estimate of the costs of the acquisition or construction of the facilities of the district (which estimates shall not, however, serve as a limitation upon the financing of improvements, or extensions of the facility); an estimate of the costs of operating the proposed facilities; an estimate of anticipated personnel needs; and an estimate schedule of rates and charges for the services to be rendered, * * *.'

and that the above elements are mandatory in a Petition for the creation of a utility district."

Section V of the petition to create the White House District is as follows:

"That the cost of the proposed natural gas system as originally planned is estimated to be approximately One Million Five Hundred Thousand (1,500,000.00) Dollars."

The petition does not include the other estimates required by the portion of the statute quoted above.

Even if it be held that the above quoted section is mandatory, and a non-complying petition would be subject to dismissal upon preliminary motion or demurrer, it does not follow that an action taken upon such a petition is void.

■ It has been held that where a declaration contains defects in substance or in form which would have been fatal on demurrer, yet if the issues require the proof of the facts omitted from the declaration, the defect is cured by verdict and judgment. Great Atlantic and Pacific Tea Co. v. Lyle, 49 Tenn.App. 78, 351 S.W.2d 391 (1961); Barrett v. Reed, 46 Tenn.App. 265, 327 S.W.2d 68 (1959) and cases cited therein.

■ The present case is an administrative proceeding wherein the opponents filed a lengthy answer without questioning the sufficiency of the petition, and wherein the order of the administrative agency recites that a hearing was duly conducted from which the administrative agency found:

(c) That the public convenience and necessity requires the creation of the White House Gas Utility District of Robertson and Sumner Counties, Tennessee, and

(d) That the creation of said district is economically sound and desirable.''

It must be presumed in the absence of a bill of exceptions that the deficiencies in the petition were supplied by proof. The rules relating to pleading, proof and final orders before administrative agencies can hardly be stricter than those applicable to proceedings before law courts.

There are cases wherein defective pleadings fail to state facts necessary to empower the court to render the decision that was rendered, but the present case is not such a case. The information omitted was only circumstantial to the issue. It did not involve ultimate facts to be determined, or allegations which were indispensible to jurisdiction. The county chairman was not called upon to approve expenses and set rates. These matters were for the ultimate determination of the commissioners of the district. Sections 6-2617 and 6-2635, T.C.A.

Finding No. 3 of the circuit court, quoted supra, was not sufficient ground for reversal of the order of the county chairman. The second assignment of error is sustained.

The third assignment of error complains of the findings of the circuit court:

"4. That the Notice to the County Judge of all counties encompassed in whole or in part in any proposed utility district, as set out in Tennessee Code Annotated, Section 6-2630, as amended, constitutes an element of due process and must be included in the technical record.

"5. That the technical record in this cause fails to show that the White House Gas Utility District of Robertson and Sumner Counties, Tennessee, complied with Tennessee Code Annotated, Section 6-2630, as amended, as said Section relates to the required notice to the County Judge for Robertson County, Tennessee."

In the case of McCartney v. Gamble, 184 Tenn. 243, 198 S.W.2d 552 (1947) it was held that where an in-

complete record failed to contain process and return thereon, it would be presumed that process was issued and served, since nothing appeared to the contrary. In the present case, involving administrative procedure much less formal than judicial procedure, there must be a presumption of the regularity of the procedure until shown otherwise. It would have been a simple matter at the hearing before the Robertson County Circuit Court to call the Robertson County Judge to testify whether or not he received notice. The order of the Sumner County Chairman recites:

"Upon evidence duly given, it is found by this court as follows:

* * * * * *

"2. That notice of time, place and purpose of the public hearing * * * has been given in conformity with law * * * and by mailing of such notice by registered mail to the County Judge of Robertson County Tennessee * * *."

The third assignment of error is sustained.

It is unnecessary to consider the fourth assignment of error relating to the general dismissal of the White House petition because, as heretofore indicated, the circuit court judgment must be reversed, and the administrative order entered by the Sumner County Chairman must be reinstated and affirmed.

 Neither the circuit court nor this Court is free to review the wisdom of the order under attack for two reasons:

1. No bill of exceptions was preserved, hence it must be presumed that there was evidence to justify the

order. Brown v. Vaughn, 203 Tenn. 220; 310 S.W.2d [444] (1957). Griffitts v. Rockford, supra.

2. This type of case is reviewable as the action of an administrative body, and if the order under review be supported by any material evidence of a substantial nature, the order must be affirmed. Pace v. Garbage [Disposal] District, 54 Tenn.App. 263, 390 S.W.2d 461 (1965).

If, as suggested by counsel but not confirmed by the record, the Robertson County Judge acted unilaterally in creating the Cross Plains District and the Sumner County Chairman acted unilaterally in revoking the franchise of Cross Plains and creating White House, this is most unfortunate. It must be remembered that the real parties at interest in this controversy are the citizens of the territory who desire someone to furnish them gas. The "rights" of utilities districts and their commissioners and the jurisdiction of county judges and chairmen exist only for the welfare and benefit of the public.

If the actions heretofore taken in any aspect of this matter are ill advised and against the public interest, the opportunity and means of correction remain available. The "panel" or administrative agency for controlling utility districts lying partly in Robertson and Sumner Counties remains the prime arbiter of the franchises of utility districts lying in both counties. Said panel, meeting together and hearing all interested parties is in a position to make any proper order required by the public convenience and necessity. Therefore the order involved in this appeal is effective only until the County Judge of Robertson County and the County Chairman of Sumner County, *sitting as a panel* see fit to change it. If a new

hearing is held, with both panel members present and all interested parties heard, there is every reason to expect that a decision will be made in the public interest. By preserving a bill of exceptions of such hearing, the route of appeal will be open to any interested and dissatisfied party.

For the reasons stated, the judgment of the circuit judge is reversed. The order which is designated an order of the Sumner County Court, but which is in reality an order of the Robertson County-Sumner County Utility District "Panel", is reinstated, without prejudice, however, to such further lawful proceedings as may hereafter take place before the said "panel" acting in the public interest.

The costs in the circuit court and this Court are adjudged against the Cross Plains Natural Gas Utility District.

Reversed.

Shriver, P. J. (M.S.), and Puryear, J., concur.