**Estelle W. DELFFS, Petitioner,**

v.

**James Coy DELFFS, Respondent.**

Supreme Court of Tennessee.

Jan. 17, 1977.

Jeffrey S. Henry, Murfreesboro, for petitioner.

Allen Shoffner, Shelbyville, for respondent.

## OPINION

BROCK, Justice.

This controversy over the right to administer an intestate's estate originated in the county court of Bedford County which issued letters of administration to James Coy Delffs, the eldest son of the decedent, Coy A. Delffs. This appointment was challenged by Mrs. Estelle Delffs, who petitioned the county court to revoke the letters, asserting that she, because she was the decedent's widow, had the superior right under T.C.A. § 30–109 to administer the estate. The county court denied her petition and she appealed from the order of denial to the circuit court.

James Coy Delffs moved in the circuit court that the appeal be dismissed because (1) the record did not show that an appeal was prayed or granted in the county court, (2) the transcript was not filed within the time prescribed by T.C.A. § 27–404, and (3) that no bill of exceptions of the county court hearing was preserved and filed in the circuit court.

The circuit judge overruled the motion to dismiss the appeal and heard the case upon the transcript of the "technical record" without the introduction of evidence. His conclusion was that the letters of administration had been issued without notice to

the widow and, accordingly, remanded the case to the county court with directions that it conduct an evidentiary hearing, upon notice to all parties, and that the widow, Estelle Delffs, be appointed administratrix unless it be shown at such hearing that she is unfit to serve in that capacity.

James Delffs appealed from the judgment of the circuit court to the Court of Appeals, relying upon his threefold argument that the appeal to the circuit court was improper and should not have been allowed. The Court of Appeals pretermitted the issue whether or not an appeal had been properly prayed and granted from the county court to the circuit court, held that the record failed to substantiate the claim that the transcript had been filed too late, but concluded that a bill of exceptions was essential to a review, and since the widow had not preserved a bill of exceptions of the proceedings in the county court and filed the same in the circuit court, held that the circuit court was without authority to entertain the instant appeal and ordered that the widow's petition be dismissed.

The widow, Mrs. Estelle Delffs, petitioned this Court for review by certiorari which was granted; and, the respondent, James Coy Delffs, filed cross assignments of error to review the action of the Court of Appeals upon the issues whether or not an appeal was properly prayed and granted to the circuit court and whether or not the transcript of the record was timely filed in that court.

### I.

The conclusion reached by the Court of Appeals that a bill of exceptions was essential was based upon *Griffits v. Rockford Utility District*, 41 Tenn.App. 653, 298 S.W.2d 33 (1956). The opinion in that case contains a rather broad dictum that T.C.A. § 27–408 mandates that appeals in all cases from the county court to the circuit court, except jury cases and chancery cases, or proceedings in the nature of chancery cases, shall be reviewed as *appeals in the nature*

*of writs of error* are reviewed rather than as appeals, which afford *de novo* hearings in the circuit court.

We cannot accept this dictum as authority for determination of the question before us. The actual holding in the *Griffits* case was that T.C.A. § 6–2606 provides for an appeal in the nature of a writ of error, rather than an appeal, to the circuit court from an order of the county court establishing a utility district. In such a proceeding, the county judge acts not as a court but as an administrative agency, *Whitehouse Gas Utility District v. Cross Plains Natural Gas Utility District*, Tenn. App., 60 Tenn.App. 162, 445 S.W.2d 459 (1969).[1] The Court of Appeals in the *Griffits* case concluded that the issues in such a proceeding are not appropriate for review by appeal in the circuit court and, thus, that the legislature must have intended by T.C.A. § 6–2606 to provide for an appeal in the nature of a writ of error, rather than an appeal.

The denial by this Court of certiorari in the *Griffits* case must not be considered as approval of the dictum mentioned but only as approval of the narrow holding in that case. In our opinion, T.C.A. § 27–408 should not be construed to mean any more than is expressly stated therein, that is, that "on appeal, all jury cases in the county court shall be tried *de novo* in the circuit court and all chancery cases, or proceedings in the nature of chancery cases, shall be reheard as if the proceedings had been commenced in the circuit court." From the beginning of this State, the appellate remedy known as an *appeal* has been understood to provide a *de novo* hearing in the appellate court. The provisions of T.C.A. § 27–408 have been on the statute books throughout that period. There is no justification at this late date for ascribing to that code section the extraordinary and restrictive meaning suggested in the *Griffits* opinion.

Orders of the county court appointing executors and administrators may be re-

---

1. The county court is directed to determine "the convenience and necessity of the incorpo-ration of the district to perform the services stated in the petition." T.C.A. § 6–2604.

viewed by an appeal as provided by T.C.A. § 30–110 and 30–111:

"**30–110.** *Appeal from grant of letters to circuit court.*—If any person who claims a right to execute a will, or to administer on the estate of an intestate, think himself injured by an order of the court awarding letters testamentary or of administration, he may appeal to the circuit court of the county in which the order is made, on giving bond as in other cases of appeal.

"**30–111.** *Determination of appeal— Time.*—At the circuit court next succeeding such appeal, the same shall be determined, and the judgment shall be certified to the county court, that it may proceed in the case accordingly." [2]

In *Fitzgerald v. Smith*, 112 Tenn. 176, 78 S.W. 1050 (1903), this Court considered a case strikingly similar to the one at bar and held that upon an appeal from an order of the county court appointing an administrator the circuit judge should have conducted a hearing *de novo*, including the introduction of evidence, respecting the qualifications of the contestants to serve as administrator of the estate.

"The cause was for hearing before the trial judge upon its merits and *de novo*, so that, no matter what may have been the opinion and finding of the county judge, the circuit judge should have heard the facts, and should have for himself determined whether the petitioner was disqualified from holding the office and executing the trust or not.

"The proof that had been taken in the county court was not a part of the record in the circuit court, and could not be looked to to determine the disqualification of the petitioner. The record, as presented to the circuit judge, showed the petitioner to be the next of kin, and therefore entitled to administer, unless his unfitness should be made to appear. The judgment of the county court, being

appealed from, was set aside, and of no probative or presumptive effect." 78 S.W. at 1052.

In *In Re Wooten's Estate*, 114 Tenn. 289, 85 S.W. 1105 (1904), this Court again recognized that the hearing in the circuit court upon an appeal from an order of the county court appointing an administrator or executor should be *de novo* in nature, saying:

"It is true that while the appeal was pending in the circuit court that court had jurisdiction and power to make all amendments, and, if necessary, to introduce new parties to determine the questions involved and contested in the county court, and the proceedings in that court were *de novo*; but it had no power to consider the application of any one who was not a party to the contest in the county court." 85 S.W. at 1108.

■ We are not aware of any statute or decision of this Court altering this rule. Accordingly, we hold that upon review by an appeal of an order of the county court appointing an administrator or executor, the case is to be heard *de novo* in the circuit court. It follows that no bill of exceptions of the proceedings in the county court is required to be filed in the circuit court in connection with such an appeal. The decision of the Court of Appeals to the contrary was error.

■■ Furthermore, a bill of exceptions is never required, whatever the appellate remedy employed, if the error of the lower court appears in the technical record. The alleged error found by the circuit court in this case, failure of the county court to give notice of the original hearing to the widow, was such an error.

■ Assuming, but not deciding, that an appeal from the county court must be shown by a minute entry to have been prayed for and granted, we hold that this requirement was met in this case. "Upon motion of the Petitioner . . ." is a sufficient prayer and ". . . it is here-

---

**2.** These provisions first came into our law as § 48 of Chapter I, Acts of 1794, of the territorial legislature.

by ordered that the entire record in the Estate of Coy A. Delffs, deceased, be certified and sent to the Circuit Court of Bedford County, Tennessee" is a sufficient grant of an appeal, appeal being the appellate remedy prescribed in such cases. T.C.A. § 30–110.

Failure to file the transcript within the time prescribed by T.C.A. § 27–404 is not necessarily fatal to an appeal from the county court. T.C.A. § 27–407 expressly provides that dismissal of an appeal upon this ground is within the discretion of the court. No abuse of discretion is shown; indeed, it is not shown that the filing of the transcript was tardy.

The decree of the Court of Appeals is reversed and this cause is remanded to the circuit court for a *de novo* hearing in accordance with this opinion. Upon such hearing, the circuit court shall determine the fitness of the contending parties to act as administrator and certify its judgment to the county court as provided by T.C.A. § 30–111. The county court shall then appoint an administrator, giving due regard to the priorities set out in T.C.A. § 30–109.

Costs are taxed against the respondent.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.