IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 4, 2025 Session

## MILCROFTON UTILITY DISTRICT OF WILLIAMSON COUNTY, TENNESSEE v. NON-POTABLE WELL WATER, INC.

**Appeal from the Circuit Court for Williamson County**
No. 19CV-446    Michael Binkley, Judge

_____

### No. M2024-00389-COA-R3-CV

_____

A utility district sued a private corporation alleging that the corporation was illegally providing water services to customers in the utility district's service area. The trial court ruled in favor of the corporation. On appeal, the district asserts that the trial court erred in requiring the district to prove that the company qualified as a "public utility" under the pertinent statute. We have concluded that the trial court erred in its interpretation of the statute. We, therefore, reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

William P. Holloway, Franklin, Tennessee, for the appellant, Milcrofton Utility District of Williamson County, Tennessee.

Phillip B. Jones, Nashville, Tennessee, for the appellee, Non-Potable Well Water, Inc.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Milcrofton Utility District of Williamson County ("the District") is a public water utility district created under the Utility District Law of 1983, Tenn. Code Ann. §§ 7-82-101—7-82-804. The District owns and operates a public water system within a defined area in Williamson County. Non-Potable Well Water, Inc. ("the Company"), a Tennessee for-profit corporation, is owned and operated by John Powell. Mr. Powell also formed Ashby Communities, LLC, which is the developer for a residential subdivision in

Williamson County known as King's Chapel. All of King's Chapel is included within Milcrofton's service area.[1]

Mr. Powell and/or entities in which he has an interest have had previous disputes over the provision of water services within King's Chapel.[2] The District filed the current lawsuit against the Company in August 2019 and asserted causes of action for violation of Tenn. Code Ann. § 7-82-301(a)(1)(B), illegal competition under the common law, private nuisance, and a declaratory judgment. The complaint sought injunctive relief as well as damages. In its complaint, the District claims that the Company is illegally competing with the District by servicing water customers in the District's service area. According to the District, the Company provides irrigation water to approximately 17 residences in King's Chapel from a well located under a portion of the subdivision's common area.

The trial court denied the District's motion for summary judgment on count I (concerning the statutory violation) in October 2021. The case went to trial in December 2022. After hearing all of the proof, the court granted the Company's motion for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02 as to the claims for nuisance and illegal/unfair competition. In a memorandum and order entered on February 16, 2024, the trial court made findings of fact and conclusions of law. The court denied the District's claim for violation of Tenn. Code Ann. § 7-82-301(a)(1), reasoning that the Company did not qualify as a public utility and, therefore, the statute did not apply. The District appeals.

The sole issue presented on appeal is whether the trial court erred in denying Milcrofton's claim under Tenn. Code Ann. § 7-82-301(a)(1)(B) based upon its finding that the Company was not a public utility.

STANDARD OF REVIEW

We review a trial court's findings of fact in a bench trial de novo on the record with a presumption of correctness, unless the preponderance of the evidence indicates otherwise. TENN. R. APP. P. 13(d); *Lovlace v. Copley*, 418 S.W.3d 1, 16 (Tenn. 2013). We review the trial court's conclusions of law de novo, with no presumption of correctness. *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006).

---

[1] Originally, the King's Chapel development was all part of Milcrofton's service area. In April 2008, when the subdivision expanded onto land located within the boundaries of Nolensville/College Grove Utility District, Milcrofton and Nolensville/College Grove entered into a service area agreement transferring the right to service the new part of King's Chapel to Milcrofton.

[2] In an appeal of an earlier lawsuit, this Court affirmed dismissal of Milcrofton's action for declaratory judgment and injunctive relief for lack of subject matter jurisdiction. *See Milcrofton Util. Distr. v. Non Potable Well Water, Inc.*, No. M2018-01431-COA-R3-CV, 2019 WL 2083329 (Tenn. Ct. App. May 10, 2019).

ANALYSIS

This appeal presents a question of law: whether the trial court erred in determining that the Utility's claim for a declaratory judgment under Tenn. Code Ann. § 7-82-301(a)(1)(B) failed because the Utility failed to prove that the Company was a public utility. For the reasons discussed below, we find that the trial court erred.

The issue presented requires us to interpret a statutory provision, Tenn. Code Ann. § 7-82-301(a)(1)(B). Under the rules of statutory construction, "we look first and foremost to the text of the statute because the statutory language is of primary importance." *Flade v. City of Shelbyville*, 699 S.W.3d 272, 285 (Tenn. 2024). When the language of the statute is "clear and unambiguous, we derive the legislative intent from the plain meaning of the statutory language and simply enforce the statute as written." *Id.* Tennessee Code Annotated section 7-82-301(a)(1)(B) states:

> Except as provided in this subdivision (a)(1)(B) and subdivision (C), so long as the district continues to furnish services that it is authorized to furnish in this chapter, *the district is the sole public corporation empowered to furnish those services in the district, and another person, firm, or corporation shall not furnish or attempt to furnish those services* in the area embraced by the district, unless and until it has been established that the public convenience and necessity requires other or additional services; provided, that this chapter does not amend or alter §§ 6-51-101--6-51-111, and 6-51-301.

(Emphasis added). The pertinent language of the statute is clear and unambiguous: it states that a utility district will be the sole provider of services in the district and that "another person, firm, or corporation" is prohibited from furnishing those services. *See generally City of Crossville v. Middle Tenn. Elec. Membership Dist.*, 345 S.W.2d 865, 867 (Tenn. 1961) (stating that the utility district was "granted exclusively the right to furnish the services in question until it is established that public convenience and necessity requires otherwise").

After quoting Tenn. Code Ann. § 7-82-301(a)(1)(B), the trial court proceeded to consider whether the Company met the definition of "public utility" set forth at Tenn. Code Ann. § 65-4-101(6)(A). But the relevant statutory language in Tenn. Code Ann. § 7-82-301(a)(1)(B) does not require the Company to be a public utility. There is no dispute that the Utility meets the definition of a public utility and that King's Chapel falls within the Utility's exclusive service area. Therefore, "another person, firm, or corporation shall not furnish or attempt to furnish" water services in that area. Tenn. Code Ann. § 7-82-301(a)(1)(B). There is also no dispute that the Company qualifies as "another person, firm, or corporation."

In arguing in favor of the trial court's decision, the Company argues that the homeowner's association for King's Chapel possesses riparian rights to use the well water. This issue was not properly raised by the Company on appeal and did not form the basis for the trial court's decision. We consider the issue waived for purposes of this appeal. *See Watson v. Watson*, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009).

Because the trial court based its decision on an erroneous interpretation of the operative statute, we must conclude that the trial court erred in rejecting the Utility's request for a declaratory injunction on this ground.

CONCLUSION

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, Non-Potable Well Water, Inc., for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE