Kenneth L. FLEMING, Superintendent of Williamson County Schools and the Williamson County Board of Education, Appellants-Defendants,

v.

Jamie WADE, Appellee-Plaintiff.

Supreme Court of Tennessee.

July 10, 1978.

Thomas E. Fox, Franklin, for appellants-defendants.

Donald P. Harris, Alexander, Hartzog, Harris & Silva, Franklin, for appellee-plaintiff.

## OPINION

HARBISON, Justice.

This case arises under the Tennessee Teachers' Tenure Act, §§ 49–1401 et seq.

Appellee was a tenured teacher in the Williamson County School System. The proceedings now under review began near the close of his third year as Principal of Fairview High School. Although it was not filed in evidence, we assume that he held a written contract as principal pursuant to the provisions of T.C.A. § 49–253. The record is meager as to his teaching experience, certification, or educational background. He testified that he had been in educational work for twenty-five years, but the nature and extent thereof are undeveloped in the testimony.

At its meeting of April 4, 1977, the Williamson County Board of Education received a list of written specifications against appellee, filed by the county superintendent of schools, seeking his removal as principal. A lengthy evidentiary hearing was held on the specifications on April 25, 1977, some three weeks after the charges had been filed with the Board. Appellee was present with counsel, testified, called witnesses and cross-examined witnesses offered by the superintendent in support of the charges.

A special adjourned meeting of the Board was held on the evening of May 2, 1977, at which the Board considered the evidence. By a substantial majority it voted in favor of a resolution to relieve appellee "as principal of Fairview High School . . . .." The record shows that appellee and his counsel were present at this meeting and had actual notice of the action taken.

Within less than thirty days thereafter appellee filed a petition for review of the action of the Board in Chancery Court, pursuant to T.C.A. § 49–1417. He challenged the legal sufficiency of the specifications made against him, of the evidence offered in support thereof, and the adequacy of both the notice and the hearing afforded him. He sought reinstatement and incidental relief. Appellants filed an answer denying the allegations of the petition.

Before trial of the case the Chancellor remanded the action to the Board of Education for specific findings of fact. At a special meeting held on August 29, 1977 the members of the Board voted on each separate item of the specifications. They found one of these to be unsupported by the evidence, but the majority sustained four charges of unprofessional conduct and two of insubordination.

As the record reached the Chancellor, it was unclear whether the Board had simply removed appellee as principal, or whether its action resulted in his entire severance from the school system, including his dismissal as a tenured teacher. No testimony was taken on the point. The record of the school board hearings was susceptible to the conclusion that the Board had discharged appellee as principal but had not terminated him as a tenured teacher. At the final hearing before the Chancellor, however, counsel for the appellants stipulated that the Board had undertaken to discharge appellee both as principal and as a teacher.

The two positions, of course, are not identical. Dismissal of an individual as a school principal would not necessarily justify or require his termination as a tenured teacher. The Teachers' Tenure Act defines in general terms conduct unbecoming members of the teaching profession and insubordination, T.C.A. § 49–1401(11) and (12). It does not specifically define the duties of a principal, and it provides that administrative and supervisory personnel in a school system

". . . shall have tenure as teachers and not necessarily tenure in the specific type of position in which they may be employed." T.C.A. § 49–1401(4).

The Act provides that transfers of teachers within a school system may be made only upon concurrent action of the superintendent and the Board, T.C.A. § 49–1411. Cases construing this provision have held that when persons are demoted or transferred to positions with lower compensation, notice, written charges and a hearing are necessary. *See Gibson v. Butler*, 484 S.W.2d 356 (Tenn.1972); *Potts v. Gibson*, 225 Tenn. 321, 469 S.W.2d 130, 132 (1971).

The duties of a school principal are prescribed, in part at least, by statute, T.C.A. § 49–254, as follows:

"It shall be the duty of the principal:

"(a) To supervise the operation and management of the personnel and facilities of the school or schools of which he is principal as the local board of education shall determine.

"(b) To assume administrative responsibility and instructional leadership under the supervision of the superintendent and in accordance with the written policies of the local board of education for the planning, management, operation, and evaluation of the educational program of the schools to which assigned.

"(c) To submit recommendations to the local superintendent regarding the appointment, assignment, promotion, transfer, and dismissal of all personnel assigned to the school or schools under his care.

"(d) To perform such other duties as may be assigned by the superintendent pursuant to the written policies of the local board of education.

"(e) To observe all other rules and regulations relative to the operation of public schools as established by law and as contained in the rules, regulations and minimum standards of the state board of education."

These statutes impose upon school principals administrative and supervisory duties which are separate and apart from those required of regular classroom teachers. Considerations of the fitness of an individual to carry out these duties, and of his effectiveness in this type of position, may be entirely different from those involved in determining whether he has been guilty of unprofessional conduct or insubordination in the role of a tenured teacher not having such added authority and responsibility. Unfortunately in this record, these distinctions have not been carefully observed.

At the hearing before the Chancellor, appellants relied upon the record of the School Board proceedings. Appellee offered some additional evidence, particularly as to the adequacy of the notice he received of the charges and as to alleged improper or political considerations given his case by the members of the Board of Education.

Reviewing the record made before the School Board, the Chancellor concluded that in general the hearing had been conducted properly, that constitutional due process had been accorded appellee, and that the members of the Board of Education had not acted arbitrarily, improperly or out of personal or political considerations. Nevertheless he dismissed the charges and reversed the action of the Board directing that appellee be reinstated as principal of Fairview High School with full back pay, subject to offset by any amounts which he had earned in other employment. He found that most of the charges made against appellee by the superintendent were sustained by the evidence, but found that these were not legally sufficient to establish either unprofessional conduct or insubordination within the purview of T.C.A. § 49–1401(11) and (12).

Appellants have assigned errors to the action of the Chancellor, essentially contending that the written specifications were legally sufficient and that they were supported by the evidence.

We have carefully reviewed the transcript of the hearings before the Board of Education. We concur in the findings of the Chancellor that a proper evidentiary hearing was accorded to appellee upon adequate and ample written notice, and that the Board of Education acted properly and without personal bias or any improper influence or motive. We further concur in the findings of the Chancellor that the evidence against appellee was not sufficient to justify dismissal of a classroom teacher under the tenure statutes. However, we are unable to concur in his conclusion that it was not sufficient to justify the removal of appellee from his position as principal.

Most of the charges against appellee had to do with incidents of high temper, alleged threats or intimidation to members of his faculty, and criticism of or lack of cooperation with the superintendent of schools and his policies.

We are of the opinion that none of these incidents, individually or collectively, were sufficient to justify discharge of a regular tenured teacher. They were sufficient, however, to justify a reasonable fact-finding body in concluding that appellee at times demonstrated poor judgment, lack of cooperation with the superintendent, intemperate conduct, and absence of that degree of leadership to be expected from the principal of a fairly large high school. The evidence was conflicting, and diverse inferences could easily be drawn from it. We are unable to say that the evidence preponderates against the conclusion of the Board of Education that the appellee should be relieved of his duties as principal.

Many of the incidents reflected in the evidence involved personal differences between him and faculty members. Others revealed lack of understanding or unwillingness to implement policies of the school superintendent. The superintendent, by statute, is entitled to expect the cooperation and support of principals in the school system who, both in theory and in practice, are key figures in the orderly and efficient operation of the schools. The Board of Education and the superintendent must necessarily be accorded considerable discretion in the employment and retention of such personnel. A fair and impartial finder of fact could reasonably conclude that appellee's conduct was sufficiently subject to criticism and his performance was sufficiently unsatisfactory in the discharge of his duties as principal as to justify his removal from that position.

Accordingly we reverse the decision of the Chancellor insofar as it directs reinstatement of the appellee as Principal of Fairview High School. We affirm insofar as it holds unwarranted the dismissal of appellee as a tenured teacher. The cause will be remanded to the Chancery Court for further proceedings consistent herewith, including, if necessary, further consideration by the Chancellor and by the Board of Education as to the propriety of re-assignment of appellee to some other position and the fixing of any back pay to which he may be entitled.

We are aware that in certain of the reported cases in this state discharged principals and administrative personnel have been reinstated by court order to the position from which they were removed. See *Gibson v. Butler*, 484 S.W.2d 356 (Tenn. 1972); *Blair v. Mayo*, 224 Tenn. 108, 450 S.W.2d 582 (1970). In these cases, however, either the personnel had not been given adequate notice and an administrative hearing, or there had not been concurrence between the school board and the superintendent. In the present case appellee was notified that the superintendent was seeking his removal as principal. After a full evidentiary hearing, the Board concurred in the superintendent's recommendation. That the Board may have erroneously attempted also to terminate appellee as a tenured teacher does not, in our opinion, affect the validity of its action in removing him as principal.

Costs incident to the appeal will be equally divided between the parties. Costs accrued in the trial court will be assessed there.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.