**Reva P. DAVIS, Plaintiff-Appellee,**

v.

**Jim BARR, Superintendent of the Jefferson County School System, et al., Defendants-Appellants,**

and

**William M. Leech, Jr., Attorney General of Tennessee, Defendant-Intervenor.**

Supreme Court of Tennessee, at Knoxville.

March 14, 1983.

T.E. Forgety, Jr., Dandridge, for defendants-appellants.

Carl Robert Ogle, Jr., Jefferson, for plaintiff-appellee.

Robert B. Littleton, Deputy Atty. Gen., Nashville, for defendant-intervenor.

## OPINION

DROWOTA, Justice.

This case involves the interpretation of T.C.A. § 49–1416(8), an integral part of the statutory scheme dealing with the dismissal and suspension of tenured teachers.

Plaintiff, Reva Davis, a teacher in the Jefferson County School System, was suspended by Jim Barr, the Superintendent of Schools, on October 5, 1978.[1] Subsequent to the suspension, the Defendant, Barr, preferred charges against Plaintiff in accordance with T.C.A. § 49–1414.[2] On October 12, the Jefferson County Board of School Commissioners voted that the charges preferred warranted the dismissal of Plaintiff as a teacher. Plaintiff was notified by letter dated October 20, that the Board had voted that the charges brought against her were of such nature as to warrant her dismissal, if proven.[3]

---

1. T.C.A. § 49–1413. "*Suspension pending investigation.*—A superintendent may suspend a teacher at any time that may seem necessary, pending investigation or final disposition of a case before the board or an appeal, provided that if the teacher is vindicated or reinstated he shall be paid the full salary for the period during which he was suspended."

2. T.C.A. § 49–1414. "*Written charges.*—When charges are made to the board of education against a teacher, charging the teacher with offenses which would justify dismissal of the teacher under the terms of this chapter, the charges shall be made in writing, specifically stating the offenses which are charged, and shall be signed by the party or parties making the charges."

3. T.C.A. § 49–1415. "*Notice of charges warranting dismissal.*—If in the opinion of the board charges are of such nature as to warrant the dismissal of the teacher, the superintendent shall give the teacher a written notice of this decision, together with a copy of the charges against her, and a copy of a form which shall be provided by the state commissioner of education advising the teacher as to her legal duties, rights and recourse under the terms of this chapter."

A hearing was held before the Board on or about March 14, 1979.[4] After all the proof had been offered to the Board, a motion was made that Plaintiff be reinstated immediately with full back pay. This motion was defeated four to three. The Board then voted four to three to allow the Plaintiff to return to her teaching position upon receipt by the Board of proper evidence of her renewed certification by the State and qualification to teach in the Title I Reading Program. The Board voted that upon receipt of such evidence, and the rehiring of Plaintiff, that she not receive backpay for the time of her suspension. The record reveals that Plaintiff was reinstated on August 20, 1979, approximately ten and one-half months after her suspension.

On April 17, 1979, Plaintiff filed a "Petition for Judicial Review" in the Chancery Court of Jefferson County, seeking a *de novo* hearing pursuant to T.C.A. § 49–1417. Plaintiff alleges in her petition substantially the facts as outlined above. She contends that T.C.A. § 49–1413, which allows a superintendent to suspend a teacher without pay prior to a hearing, is unconstitutional. She contends that the action of the superintendent of schools and the majority of the Board "was based entirely upon bias and prejudice and from a completely political motivation towards her and her family." Defendants deny these contentions. Plaintiff seeks reinstatement to her original position as a Title I reading teacher with full back pay. The primary issue raised in the pleadings concerns Plaintiff's suspension. Plaintiff avers she was improperly suspended and Defendants allege she was not.

This case was set to be heard on January 5, 1982, in the Chancery Court of Jefferson County. Before evidence was presented, an oral motion for judgment on the pleadings was heard.[5] The Chancellor made his decision on the motion based upon the admitted allegations in the pleadings, as earlier set out in chronological order. The Chancellor then found that:

"On March 14, 1979, the Jefferson County School Board held a hearing, as contemplated by TCA 49–1416, and an oral announcement was made by the school board that the plaintiff would be reinstated upon completion of nine additional hours of school work and certification by the State of Tennessee. The plaintiff was present during the hearing and the oral announcement of the school board's decision. The decision of the school board was written up in its regular minutes, but no copy of the minutes was served or delivered to the plaintiff.

In addition, the Jefferson County School Board did not give the plaintiff written notice of its finding and decision within ten days as required by T.C.A. 49–1416(8). In fact, the written finding and decision was never given to plaintiff.

The Court finds the acts of the Jefferson County School Board of attempting to suspend the plaintiff without complying with TCA 49–1416(8) is null and void and of no effect. By failing to receive the written notice of defendants' finding and decision the plaintiff was denied a final decision of the school board which would be necessary in processing and pursuing her appeal in the courts. Further, by failing to give written notice of its decision the school board has not complied with the statute so as to have the power to suspend the plaintiff.

The Court further finds the failure of the school board in not giving a written notice of its finding and decision violates the plaintiff's right to due process as guaranteed under the 14th Amendment of the United States Constitution.

The Court did not find it necessary to reach the issue of the constitutionality of TCA 49–1413."

---

4. T.C.A. § 49–1416. "*School board hearing.*—A teacher, having received notice of charges against her, may within thirty (30) days after receipt of notice, demand a hearing before the board ..."

5. It is unclear whether the motion for judgment on the pleadings was made *sua sponte* by the Chancellor or by Plaintiff's attorney.

The Chancellor, in granting the oral motion for judgment on the pleadings, ordered that Plaintiff be reinstated with full back pay from the date of her suspension on October 5, 1978, until August 20, 1979, the date Plaintiff was in fact reinstated by the Defendants. It appears that the relief now being sought by Plaintiff is back pay, and a declaration that T.C.A. § 49–1413 is unconstitutional.

The Defendants, the Superintendent of Schools and the Board of School Commissioners, have appealed to this Court asserting direct appeal jurisdiction pursuant to T.C.A. § 49–1417.[6] Defendants aver that it was error for the Chancellor to dispose of the case on "oral motion for judgment on the pleadings," without any formal motion having been made by Plaintiff and over Defendants' objection. Defendants argue that the Chancellor based his decision upon the Board's failure to comply with T.C.A. § 49–1416(8).

T.C.A. § 49–1416 sets out the procedure by which a teacher who is facing charges, pursuant to Sections 49–1414 and 1415, may demand and receive a hearing before the school board. Section 1416 is an integral part of the statutory scheme (Sections 49–1412—1417) for the dismissal and/or suspension of teachers. Subsections (1) through (7) of Section 1416 set out the framework for the conduct of the hearing and the setting of the hearing date. Subsection (8) reads as follows:

"The board shall within ten (10) days decide what disposition to make of the case and shall immediately thereafter give the teacher written notice of its findings and decisions."

This Section provides for prompt notice to the teacher of the findings and decision of the Board, so the teacher may then seek judicial review, pursuant to Section 49–1417, if desired.

Section 49–1417 reads in part as follows:

**6.** T.C.A. § 49–1417. "*Judicial review.*— . . . Any party dissatisfied with the decree of the court may, upon giving bond as required by law in other chancery causes, appeal to the

"Judicial review.—A teacher . . . who is dismissed or suspended by action of the board, may obtain a judicial review by filing a petition in the chancery court of the county where the teacher was employed. Such petition shall be filed within thirty (30) days from the *receipt* by the teacher *of notice of the decision* of the board. The petition shall state briefly the issues involved in the cause, the substance of the order of the board, or the respects in which the petitioner claims the order of the board is erroneous, and praying for an accordant review." [Emphasis added.]

Subsection (8), in addition to advising the teacher, within ten days, of the decision of the Board, sets in motion the time requirement for filing a petition for review in the Chancery Court pursuant to Section 1417. In this case, Plaintiff was present at the hearing before the Board and heard the unfavorable decision made by the Board. The Board thus decided what disposition to make of Plaintiff's case; however, the Board failed to "immediately thereafter give the teacher written notice of its findings and decision." Plaintiff's petition, filed 34 days after the hearing and decision by the Board, clearly sets out the actions taken by the Board. Thus the failure to give Plaintiff written notice of its decision did not prejudice Plaintiff in her ability to file a petition stating the issues involved and seeking *de novo* review in the Chancery Court.

The Defendants in their answer state: "It is averred that the request for judicial review contained in the original petition was not timely filed, and that the same should now be dismissed." It should be pointed out that Section 1416(8) sets out procedural requirements for the Board. Section 1417 sets out certain procedural requirements for teachers who seek a review of the Board's action. In this case, the Board failed to follow the procedural re-

Supreme Court, where the cause shall be heard on the transcript of the record from the chancery court."

**918**

quirement of the statute[7]—the giving of written notice to the teacher—thus, the thirty-day time requirement of Section 1417 is tolled until the written notice requirement is given by the Board. It does not follow, however, that the failure of the Board to give written notice has the legal effect of nullifying the actions of the Board, as the Chancellor has held. The decision of the Board became final when the minute entry was made. The failure to serve a copy of the minutes upon Plaintiff, when she did in fact have actual knowledge of the Board's decision, merely tolled the time limitation of Section 1417. Plaintiff has failed to show that she has been prejudiced in any way, by the failure of the Board to provide her with written notice of its decision.

The failure of the Board to follow the procedural requirements of Section 1416(8) does not warrant a finding by the trial court of reinstatement with full back pay. Such a finding can only be made after a full evidentiary hearing on the merits, for we have in the pleadings before us disputed factual issues. The Chancellor was in error in disposing of this case on motion for judgment on the pleadings.

Plaintiff avers and the Chancellor held that Plaintiff was denied due process of law by the failure of Defendants to follow the statutory requirements of Section 1416(8). We fail to see how Plaintiff has been denied due process by the failure of the Board to follow the procedural requirement of giving Plaintiff written notice of its decision. Plaintiff had a full hearing before the Board and was given actual notice of its decision. Plaintiff is now before the Chancery Court for a hearing *de novo*.

The judgment of the Chancellor is accordingly reversed and the case remanded for a

hearing on the merits. The costs of this appeal are taxed to Plaintiff.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.

**7.** In *Sanders v. Vinson,* 558 S.W.2d 838, 844 (Tenn.1977), the Chancellor sustained the Board's motion to dismiss, apparently on the ground that suit was not timely filed in view of the 30-day requirement of T.C.A. § 49–1417. The Board had failed to comply with the procedural requirements of Sections 49–1412 and 1415, relating to grounds for dismissal of a teacher, and this Court held that the Board "may not invoke the protection of a statutory scheme, the principal requirements of which it ignored." This Court then held that suit was not barred by Section 1417 and remanded the cause for further proceedings.