**Merrol N. HYDE, Plaintiff/Appellee,**

v.

**Benny BILLS, et al.,
Defendants/Appellants.**

Supreme Court of Tennessee,
at Nashville.

Aug. 29, 1985.

Robert H. Jennings, Nashville, F. Dulin Kelly, Hendersonville, for plaintiff/appellee.

Charles W. Bone, Charles H. Beaty, Gallatin, for defendants/appellants.

OPINION

PER CURIAM.

This case involves an administrative transfer of a high school principal within the Sumner County school system. It arises pursuant to the provisions of T.C.A. § 49–5–510, where such transfers are authorized by the Superintendent of Schools and the Board of Education.

The case does not involve the status of appellee as a tenured teacher, nor is it one where a tenured person has been dismissed or suspended. Review in the appellate courts in cases involving such suspension or dismissal of tenured personnel is provided by T.C.A. § 49–5–513, and that statute authorizes a direct appeal to the Tennessee Supreme Court from the trial court.

There is no such provision for direct appeal with respect to administrative transfers. A direct action may be brought in the trial courts challenging such a transfer on the basis that it was arbitrary, capricious or improperly motivated. *McKenna v. Sumner County Board of Education,* 574 S.W.2d 527 (Tenn.1978). Review of such actions, however, lies in the Court of Appeals under the general statutes governing appellate review, and not in the Supreme Court under the special statutes dealing with tenured personnel. *See e.g., Humphreys County Board of Education v. Logan,* 622 S.W.2d 553 (Tenn.App.1981) (administrative transfer of high school teachers not authorized without concurrence of superintendent and Board of Education).

It is true that a few cases have reached the Supreme Court by direct review where, in the last analysis, only an administrative transfer was found to have occurred. In such cases, however, there was at least a claim asserted that a tenured status had been affected, as in *White v. Banks,* 614 S.W.2d 331 (Tenn.1981) or that a transferred teacher was entitled, as a matter of law, to statutory notice and a hearing as in the *McKenna* case, *supra.*

Since no issue embraced within T.C.A. § 49–5–513 is presented in this case, the cause is transferred to the Court of Appeals for disposition.