Elizabeth B. SAUNDERS,
Plaintiff–Appellant,

v.

James W. ANDERSON, Superintendent of
Shelby County Schools, and the Shelby
County Board of Education, Defend-
ants–Appellees.

Supreme Court of Tennessee,
at Jackson.

Dec. 14, 1987.
Rehearing Denied Feb. 29, 1988.

Charles Hampton White, Richard L. Colbert, Cornelius & Collins, Nashville, for plaintiff-appellant.

Charles B. Welch, Jr., Asst. Shelby Co. Atty., Memphis, for defendants-appellees.

## OPINION

DROWOTA, Justice.

This Teacher Tenure case involves the dismissal of Elizabeth B. Saunders, Plaintiff, from her position as a teacher in the Shelby County school system after thirty years of service. The issues raised on appeal, which are (1) whether the trial court erred in granting the motion to dismiss[1] made by Defendants, Superintendent James W. Anderson and the Shelby County Board of Education (the Board), and (2) whether the Board acted arbitrarily or capriciously in dismissing Plaintiff, have effectively been decided in a recent opinion of this Court in *Cooper v. Williamson County Board of Education,* 746 S.W.2d 176 (Tenn.1987).

Following an administrative hearing before the Board, the Board voted to dismiss Plaintiff from her position as a teacher. Notice of the Board's action was sent to the Plaintiff by a letter dated May 13, 1985. Plaintiff's Petition for *de novo* review of the Board's decision was timely filed in the Chancery Court for Shelby County pursuant to T.C.A. § 49–5–513 on June 11, 1985. The Petition stated that Plaintiff had been charged with incompetence and insubordination and that these charges had been

sustained by the Board, which ordered her dismissal. Plaintiff alleged that this action by the Board was arbitrary and capricious because the evidence did not support the decision of the Board. Defendants filed an Answer on September 6, 1985. Discovery then ensued and on November 4, 1986, a hearing *de novo* was held. Before the presentation of any evidence, a dispute emerged concerning which party had the burden of proof at the Chancery Court hearing; the Defendants eventually abandoned their position that because they had the burden of proof before the Board, that burden continued in the Chancery Court, requiring them to present their evidence first. Plaintiff assumed the burden of showing that the Board acted arbitrarily or capriciously in dismissing her and presented her evidence before the Defendants.

Plaintiff testified on her own behalf. She established that she was a certified, tenured teacher with thirty years experience in the Memphis and Shelby County schools. Her last teaching assignment, commencing with the 1976–1977 school year, was at the Capleville Elementary School, at which she initially taught the fourth grade. As of the 1981–1982 school year, however, she was assigned to teach art. The following academic year, a new principal, Mrs. Velma Rice, was assigned to the Capleville School. For the 1982–1983 school year, Plaintiff was again assigned to teach art, which teaching position she continued to hold for the 1983–1984 school year as well. Subsequently, for the 1984–1985 academic term, Mrs. Rice again assigned Plaintiff to teach art and to act as a teaching assistant to various teachers at the school. During the 1984–1985 term, she received a letter, dated August 31, 1984, from then Superintendent of Schools, Mr. W.L. Harvey, regarding retiring at the end of the academic year when she would have accrued thirty years of service. Plaintiff claimed that she had never discussed retirement prior to this time with

---

1. The Chancellor and the Defendants inadvertently used the term "directed verdict," a motion under Rule 50.01, T.R.C.P., which is appropriate for jury trials. The Plaintiff correctly refers to the Chancellor's action in granting Defendants' motion as one to dismiss under Rule 41.02(2), T.R.C.P. The propriety of granting a motion to dismiss in Teacher Tenure cases is discussed hereinafter.

Mr. Harvey and testified that she had no intention of retiring at the time.

In the ordinary course of the school year, the principal conducts teacher evaluations to make re-employment recommendations. Plaintiff testified that her evaluation for the 1984–1985 school year was conducted on March 13, 1985, and on March 14, 1985, Mrs. Rice recommended that Plaintiff be dismissed. At the beginning of March, 1985, Superintendent Harvey retired and was replaced by Defendant, James W. Anderson. On March 26, 1985, Superintendent Anderson sent Plaintiff a letter notifying her of the charges of incompetence and insubordination. Plaintiff stated that she had had a meeting with Mr. Anderson prior to her March 13 evaluation at which she informed Mr. Anderson that she did not plan to retire at the end of the 1984–1985 school year; she stated that her teaching performance was not discussed at this meeting and she had no prior indication that her teaching was considered substandard, although Mr. Anderson did mention at this meeting that Mrs. Rice was dissatisfied with her performance as a teacher. Plaintiff testified that her teaching methods had remained unchanged throughout the period of her assignment to the Capleville School but no charges had ever been brought against her.

On cross-examination, Plaintiff conceded that, prior to the March, 1985, evaluation, she had received several handwritten notes or reprimands from Mrs. Rice regarding her dissatisfaction with Plaintiff's performance. She also admitted receiving a November 22, 1982, letter from Mr. Harvey regarding her attendance and a November 18, 1982, memorandum from Mrs. Rice concerning unexcused or unexplained absences from her classroom during her classes. Plaintiff stated that she missed at least one parent-teacher conference in August, 1982, and testified that she received a memorandum, dated September 1, 1982, from Mrs. Rice concerning her failure to conform to her responsibilities and duties as a teacher. Plaintiff also admitted receiving several other notifications regarding unexcused absences.

Superintendent Anderson was called by Plaintiff to testify. He stated that he assumed the position of Superintendent as of March 1, 1985, and that shortly after taking office, Mrs. Rice approached him concerning Plaintiff's performance. He met with Plaintiff on March 6, 1985, to discuss Mrs. Rice's complaints. Prior to this time, although he had been Deputy Superintendent, he had been unaware of any problems with Plaintiff. Subsequent to these meetings with Mrs. Rice and Plaintiff, he spoke with a number of people who were aware of the situation and reviewed Plaintiff's records, finding that Mrs. Rice's allegations concerning Plaintiff were substantiated, and thus concluded that, following Mrs. Rice's recommendation of dismissal after the March, 1985, evaluation, charges should be brought against Plaintiff. Upon the resolution of the Board, Mr. Anderson sent Plaintiff a letter notifying her of the charges on March 26, 1985. A hearing before the Board was held on May 7, 1985, and shortly thereafter the Board voted to dismiss Plaintiff. Mr. Anderson stated that no other principal had ever recommended dismissal of Plaintiff.

The Plaintiff also called the former Superintendent, Mr. W.L. Harvey, to testify. He held office from 1977 to 1985 and had recommended Plaintiff's retention throughout this period. Nevertheless, he had received complaints about Plaintiff's performance during his tenure as Superintendent but never preferred charges against her, although he did find it necessary to speak with her and to write letters to her about her performance on several occasions. He recalled a discussion in late 1984 with Plaintiff concerning the possibility of her retirement. He testified that his understanding had been that Plaintiff intended to retire upon accrual of her thirty years. He stated that she had been an ineffective teacher but that to accommodate her, the school system decided to permit her to accrue sufficient time to retire. To avoid exposing students to her poor teaching methods, she was assigned to teach art and to assist other teachers where needed. Mrs. Rice had made a number of suggestions to prompt Plaintiff to

improve her teaching methods but no action had been taken against Plaintiff because they assumed she would retire. When confronted with complaints about her teaching performance, Mr. Harvey stated that Plaintiff did not seem to understand that problems existed and denied any responsibility.

As her last witness, Plaintiff called the current principal of Capleville School, Mrs. Velma Rice. She corroborated the testimony of Mr. Anderson and Mr. Harvey. Mrs. Rice testified that during the first three years in which she was principal and during which time Plaintiff taught at Capleville, Plaintiff's performance was not satisfactory. Mr. Harvey had told her that Plaintiff was to retire and thus she took no action against her, despite her consistently poor performance during this period. She decided to permit Plaintiff to retire out of compassion for her rather than to force the issue, although allowing her to continue to teach was not in the school system's best interests. When the Plaintiff refused to retire, she had no choice but to recommend her dismissal to Mr. Anderson. To this end, she documented incidents of insubordination and incompetence. Plaintiff's unsatisfactory performance was reflected in every evaluation she conducted during the three year period in question.[2] Mrs. Rice testified that Plaintiff could not maintain discipline in her classes, did not conduct structured lessons, gave lessons unrelated to her subject area, failed to perform assigned duties properly or to follow her schedule, and permitted inappropriate activities during her classes. At least one instructional supervisor attempted to give Plaintiff suggestions concerning her teaching methods. In addition, a number of unexcused absences from her classes were documented. Mrs. Rice obtained statements from other teachers regarding several incidents involving Plaintiff. She gave

Plaintiff the opportunity to retire before taking any action to have her dismissed, although no one ever told Plaintiff that unless she retired, she would be dismissed.

At the close of the Plaintiff's proof, Defendants made a motion to dismiss, contending that she had failed to carry her burden. The Chancellor agreed that the motion should be granted, precluding the necessity for any presentation of evidence by Defendants. An Order of Judgment was entered on December 4, 1986; the trial court made findings of fact and conclusions of law from the record made in the Chancery Court. In the Chancellor's opinion, the *de novo* review provision of the Teacher Tenure Act "does not shift the burden of proof to the Defendants. It is a burden of proof the Plaintiff must carry." This statement by the Chancellor on the burden of proof was erroneous.[3] Nevertheless, the trial court determined that both incompetence and insubordination had been demonstrated by the evidence and resolved issues of credibility against Plaintiff. The trial court concluded that Plaintiff's dismissal was necessitated by her refusal to retire voluntarily. Notice of Appeal was subsequently filed by Plaintiff.

Having fully reviewed the evidence presented in the Chancery Court in this case, as required by T.C.A. § 49–5–513(i), we must agree with the Chancellor that the evidence preponderates in favor of Plaintiff's dismissal. No other reasonable conclusion can be drawn from the Plaintiff's own evidence than that Plaintiff's performance as a teacher was substandard and that Plaintiff failed to follow specific instructions concerning her responsibilities as a teacher. The Board and the Chancellor were justified in dismissing Plaintiff from her position as a teacher.

▆ As we stated in *Cooper v. Williamson County Board of Education, su-*

---

2. Each of these evaluations was submitted into evidence and none reflects anything but poor performance on Plaintiff's part.

3. As a practical matter, the determinative issue for this appeal is the proper allocation of the burden of proof, but aside from this erroneous statement regarding the burden of proof, an

effective hearing *de novo* was provided to this Plaintiff. In contrast, the procedure used in *Cooper, supra,* denied the Plaintiff in that case a hearing *de novo* because the Chancellor did not permit the presentation of evidence concerning the propriety of the board's decision to be made in the Chancery Court.

*pra*, the order of proof but not the burden of proof is shifted under T.C.A. § 49–5–513 because the petition is filed by the plaintiff and thus that party must make a *prima facie* showing to substantiate the allegations of the petition, which presumes the existence of the board's decision, before the defendant will be required to carry its burden of proof to substantiate the charges against the teacher at the hearing *de novo* before the Chancellor. The burden of proof regarding the charges themselves never shifts from the proffering party to the teacher at any point in the proceedings before the board or in the Chancery Court. If the proof presented by the plaintiff fails to demonstrate any error in the board's decision or otherwise to substantiate the allegations of the petition for *de novo* review, then the trial court could exercise its discretion, upon a proper motion to dismiss, especially where the evidence presented by the plaintiff shows that the board's action was justified in any case. We recognized in *Cooper, supra*, that the trial court retains its traditional discretion over the conduct of trials in Teacher Tenure cases. The evidence in this case clearly justifies the action taken by the Board regarding Plaintiff.

█ Although the reasoning of the Chancellor regarding the allocation of the burden of proof was not correct, any error was harmless because Plaintiff was effectively given a hearing *de novo* within the meaning of T.C.A. § 49–5–513 and was permitted to put on oral proof concerning the allegations of her petition for *de novo* review. A motion to dismiss can be appropriate in these circumstances. The Chancellor properly redetermined the merits of Plaintiff's dismissal from the evidence presented in the Chancery Court and did not attribute a presumption of correctness to the Board's action. The procedure in this case is consistent with our recent opinion in *Cooper:*

"In the Chancery Court, the plaintiff's petition raises the issues for review, stating the substance of the board's actions and the errors made by the board in its decision, and thus the plaintiff must present a *prima facie* case to substanti-

ate the allegations of the pleadings; however, the burden of proof regarding the charges against the teacher does not shift to the teacher and remains on the same party both before the board and in Chancery Court."

746 S.W.2d at 182. We think that in this case, given Plaintiff's evidence, it would have been superfluous to require the Defendants to prove what the evidence already demonstrated with sufficient certainty and thus the Chancellor was acting within his discretion to grant Defendant's motion to dismiss. We note here, however, that the granting of a motion to dismiss in a Teacher Tenure case is the exception because the burden of proof regarding the charges against the teacher remains on the proffering party at all times. Since the teacher is merely required to make a *prima facie* case in the Chancery Court to satisfy the terms of the statute, ordinarily the defendant must then carry its burden to demonstrate that the evidence justifies the board's actions. In this case, the Plaintiff's own evidence, which included testimony by the primary actors who proffered charges and had personal knowledge concerning the charges against Plaintiff, happened to provide a sufficient basis upon which the Chancellor could fully determine the merits of the case. Given the allocation of the burden of proof in these cases, this circumstance would not often occur.

█ Plaintiff also contends that her dismissal was arbitrary or capricious. While the foregoing discussion essentially resolves this issue as well, the evidence being sufficient to justify Plaintiff's dismissal, we take this opportunity to reiterate what we recently stated in *Cooper, supra:*

"Given the availability of a hearing *de novo* in these cases, in which the Chancellor redetermines the merits of the charges and decides whether a board's actions were justified by the evidence, we do not think that whether a board acted arbitrarily or capriciously has any relevance to the status of the teacher because a hearing *de novo* in the Chancery Court readjudicates the matter in a neutral forum, completely eliminating any

arbitrariness or capriciousness in the board's decision, which is not afforded a presumption of correctness."

746 S.W.2d at 183–184. The issues that can be raised by a petition for *de novo* review under the Teacher Tenure Act do not include whether the board acted arbitrarily or capriciously. If, upon a hearing *de novo* and from all the evidence presented in Chancery Court, the Chancellor concludes that the action of the board is justified, then the Chancellor has substituted his judgment for that of the board as if no hearing had been previously held. In this case, as noted, the Chancellor redetermined the facts and the law and the evidence preponderates in favor of that determination. *See Williams v. Pittard,* 604 S.W.2d 845, 846 (Tenn.1980).

Accordingly, we must affirm the judgment of the Chancery Court for Shelby County. Costs are taxed to the Plaintiff. The case is dismissed.

HARBISON, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.

## OPINION ON PETITION TO REHEAR

In her Petition to Rehear under Rule 39, T.R.A.P., Plaintiff contends that the effect of the opinion of this Court in this case is to shift the burden of proof to the teacher at the hearing in the Chancery Court; she also asks that this Court clarify the requirements of a *prima facie* case under the Teacher Tenure Act and the Court's recent opinion in *Cooper v. Williamson County Board of Education,* 746 S.W.2d 176 (Tenn.1987). We take this opportunity to address these issues briefly.

As we observed in *Cooper, supra,* T.C.A. § 49–5–513(a) expressly requires the plaintiff in a Teacher Tenure case to initiate review and to state in the petition "the substance of the order of the board, or the respects in which the petitioner claims the order of the board is erroneous...." We cannot escape the conclusion that this statute imposes on the plaintiff the necessity to make a *prima facie* showing to substantiate the allegations contained in the petition for *de novo* review. This showing is minimal because the defendant in these cases retains the burden of proof at every stage of the proceedings before the board and in the Chancery Court. The *Saunders* opinion explicitly stated that dismissal of a petition in Teacher Tenure cases "is the exception because the burden of proof regarding the charges against the teacher remains on the proffering party at all times." No presumption of correctness attaches to the board's decision and ordinarily the defendants will be required to carry the burden of proof upon *de novo* review to demonstrate that the action of the board is justified by the evidence. The order of proof is shifted by the language of T.C.A. § 49–5–513(a) but not the burden. Elsewhere the Court has recognized that a "somewhat unusual order of proof nevertheless [does] not change the burden of proof in any way." *City of Bristol v. Reed,* 218 Tenn. 173, 184, 402 S.W.2d 124, 128 (1966).

We emphasize that the showing required for the Plaintiff's *prima facie* case is *de minimis.* A *de novo* review of a Teacher Tenure decision in Chancery Court is similar to but not exactly like a trial *de novo* in Circuit Court on appeal from General Sessions. The terms of the statute require the plaintiff to make allegations concerning the board's action. A *prima facie* case could consist of any number of allegations, including but not limited to:

1. A deprivation of a statutorily guaranteed right, such as failure to give proper notice as required by T.C.A. § 49–5–511(a)(4), or failure to provide a timely pre-termination due process hearing.

2. That dismissal or suspension was not justified by the evidence or was based on evidence irrelevant to the charges; a failure to carry the burden of proof at the board hearing; or improperly admitted evidence that unduly prejudiced the board.

3. Improper charges were brought against the teacher.

Some of these could be shown on the face of the record made at the board hearing, but others would require at least a minimal degree of proof to support the

allegations of the petition to review. Nevertheless, we reiterate that, depending on the allegations in the petition, a *de minimis* showing is all that is necessary in these cases to constitute a *prima facie* case sufficient to comply with the language of the statute.

Accordingly, we deny the Plaintiff's Petition to Rehear. Costs are taxed to the Plaintiff.

AFFIRMED.