**AMERICAN TELEPHONE AND TELEGRAPH CO., et al., Plaintiffs–Appellees,**

v.

**Charles E. CARDWELL, Commissioner of Revenue, State of Tennessee, Defendant–Appellant.**

Supreme Court of Tennessee, at Nashville.

Nov. 5, 1990.

Charles W. Burson, Atty. Gen. and Reporter, Joe C. Peel, Asst. Atty. Gen., Nashville, for defendant-appellant.

Val Sanford, Jack W. Robinson, Jr., Gullett, Sanford, Robinson & Martin, Nashville, for plaintiffs-appellees.

## OPINION

REID, Chief Justice.

This case presents a Rule 10 extraordinary appeal by the State Commissioner of Revenue from the order of the Chancery Court of Davidson County granting Plaintiffs', (American Telephone and Telegraph Company, et al.), motion to discover certain tax information held by the Commissioner.

The order of the trial court compelling discovery is reversed.

The suit pending is an action by taxpayer pursuant to T.C.A. § 67–1–1802(c)(1) seeking a refund for excise taxes. The Plaintiffs assert that the parent company and certain of its subsidiaries are entitled to a variation from the standard allocation and apportionment provisions pursuant to T.C.A. § 67–4–812. The trial court granted the Plaintiffs' motion to compel discovery regarding variances granted other taxpayers pursuant to T.C.A. § 67–4–812. The

Commissioner contends the information is confidential and irrelevant to Plaintiffs' claims.

The Court finds that the information sought is not relevant to the issue to be determined, which is, whether the allocation and apportionment provisions of the statute *fairly represent* the extent of the taxpayer's business activity in this state. T.C.A. § 67–4–812(a). The statute provides for "a *de novo* trial" in chancery court. T.C.A. § 67–1–1802(c)(1). *See Cooper v. Williamson County Bd. of Education,* 746 S.W.2d 176 (Tenn.1987). In a *de novo* trial, the action taken by the Commissioner with regard to requests for variance made by other taxpayers is not relevant to whether the statutory apportionment formula provisions "fairly represent the extent of the taxpayer's business activity in this state." T.C.A. § 67–4–812(a). Only if the taxpayer prevails on this issue, do the provisions of the statute become applicable.

The action of the trial court is reversed, and the case is remanded. The costs are taxed to the Appellant.

DROWOTA, O'BRIEN and ANDERSON, JJ., and RUSSELL, Special Justice, concur.